IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD DIX,

    Plaintiff,

v().

EDELMAN FINANCIAL SERVICES, LLC et al.,

    Defendants.

No. 17 CV 6561

Hon. Charles R. Norgle

## OPINION AND ORDER

*Pro se* Plaintiff Gerald Dix ("Plaintiff") brings this action against thirteen separate defendants, including Edelman Financial Services, LLC ("Edelman") and its alleged agents, Jane Doe #1 ("Doe #1") and Jane Doe #2 ("Doe #2"). The Court, *sua sponte*, struck Plaintiff's original Complaint, finding that it was "replete with redundant, impertinent, and scandalous allegations." October 3, 2017 Order, Dkt. 12. Thereafter, Plaintiff filed his First Amended Complaint ("FAC"), totaling forty-four pages[1] and alleging nineteen separate claims.

Plaintiff's FAC asserts the following claims against Edelman and its alleged agents: Count V, Conspiracy to Defraud; Count VI, Fraudulent Misrepresentation; Count VIII, Conversion and Trespass to Chattels; Count X, Negligence; Count XVII, Intentional Infliction of Emotional Distress; and Count XVIII, Vicarious Liability. Before the Court is Edelman's motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). For the reasons that follow, the motion is granted.

---

[1] Plaintiff's original Complaint totaled thirty-three pages. After the Court instructed Plaintiff that his Complaint was replete with redundant, impertinent, and scandalous allegations, he filed his First Amended Complaint, containing an additional eleven pages, exclusive of exhibits.

## I. BACKGROUND

Plaintiff's FAC revolves around what he views as a "wrongful eviction" from a residence in Lisle, Illinois, owned by Defendant Theresa Miller ("Miller"). According to Plaintiff, he was engaged in a "platonic relationship" with Miller. He also claims Miller was his landlord. FAC ¶¶ 21, 26. As previously noted by the Court in its October 3, 2017 Order, Plaintiff's case "smacks of a domestic dispute," given that all of his claims are related in some way to his relationship with Miller.

The FAC asserts that after Miller lost her job in May 2017, she met with an Edelman financial advisor, Doe #1, in order to withdraw funds from her investment portfolio. Plaintiff asserts that Doe #1 refused to release funds from Miller's portfolio, and instead advised Miller to "steal financial funds from the Plaintiff" and "convince the Plaintiff that he should obtain full-time employment" in order to replace her lost income. Id. ¶¶ 36, 45. Plaintiff further asserts that Doe #1 advised Miller that she should "sell her Lisle home and go live in the ghetto with her mother and stepfather." Id. ¶ 39. Plaintiff also asserts that after Miller decided to move from her home in Lisle, Doe #1 recommended Doe #2 as a "moving professional," when Doe #2 was actually a "lazy elderly woman" who assisted Miller in destroying and stealing Plaintiff's personal property. Id. ¶¶ 87-88, 252.

## II. DISCUSSION

### A. Standard of Review

Under Rule 9(b), a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The complaint must allege "the 'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.'" Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co., 631 F.3d 436, 441–42 (7th Cir. 2011) (quoting U.S. ex rel. Lusby v. Rolls–Royce Corp., 570 F.3d 849, 854 (7th Cir. 2009)). "Rule 9(b) applies to 'averments of fraud,' not [only] claims of fraud, so whether the rule applies will depend on the

[plaintiff's] factual allegations." Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007).

"Although a party need not plead 'detailed factual allegations' to survive a [Rule 12(b)(6)] motion to dismiss, mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Berger v. Nat'l Collegiate Athletic Ass'n, 843 F.3d 285, 290 (7th Cir. 2016) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Instead, [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). Complaints that fail to state a plausible basis for relief must be dismissed. Moore v. Mahone, 652 F.3d 722, 725 (7th Cir. 2011).

## B. Plaintiff's FAC Fails to Comply with the Court's October 3, 2017 Order

Edelman first argues that the FAC should be dismissed because it essentially recites the same allegations as the original Complaint that the Court struck in its October 3, 2017 Order. Under Rule 12(f), "the court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." Edelman is correct that Plaintiff has failed to comply with the Court's October 3, 2017 Order. Despite Plaintiff's amendments, the FAC is still replete with redundant, immaterial, impertinent, and scandalous allegations. Perhaps the most egregious example is Plaintiff's use of nearly an entire page of the FAC to dispute the Seventh Circuit Order in Case No. 14-3015, wherein the Seventh Circuit warned Plaintiff that further frivolous appeals may result in sanctions. Plaintiff's blatant refusal to comply with the Court's October 3, 2017 Order is sufficient alone to dismiss his claims against Edelman with prejudice. See Salata v. Weyerhaeuser Co., 757 F.3d 695, 699 (7th Cir. 2014) ("A court may dismiss an action with prejudice 'if the plaintiff fails to…comply with [the Federal Rules of Civil Procedure] or any court order.'" (quoting Fed. R. Civ. P. 41(b)); see also Stanard v. Nygren, 658 F.3d 792, 801 (7th Cir. 2011) ("The principle that leave to amend should be freely granted does not require district judges to repeatedly indulge [litigants] who show little ability

3

or inclination to comply with the rules."). Further, the Court reminds Plaintiff that his *pro se* status does not shelter him from sanctions pursuant to Rule 11. Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir. 1990).

**C. Plaintiff Fails to State a Claim for Conspiracy to Defraud**

Next, Edelman argues that Plaintiff's allegations of fraud fail to satisfy the heightened pleading standards under Rule 9(b). In Count V, Plaintiff asserts that Miller, Edelman, and Doe #1 "conspired together to defraud financial funds from… Plaintiff." FAC ¶ 234. Under Illinois law, "[t]he elements of a cause of action for conspiracy to defraud are: (1) a conspiracy; (2) an overt act of fraud in furtherance of the conspiracy; and (3) damages to the plaintiff as a result of the fraud." Bosak v. McDonough, 549 N.E.2d 643, 646 (Ill. App. 1989).

Here, despite the voluminous nature of the FAC, Plaintiff fails to set forth with *particularity* the facts and circumstances constituting the claimed conspiracy to defraud. Although the FAC claims Plaintiff has in depth knowledge of certain investment advice given to Miller by Doe #1, the FAC fails to provide any significant details regarding the identity of Doe #1. Further, Plaintiff's conclusory allegation that that Miller, Edelman, and Doe #1 conspired together to defraud him is inconsistent with numerous other allegations in the FAC. Most notably, Plaintiff asserts that Doe #1 *instructed* Miller to convince Plaintiff to obtain full-time employment to replace Miller's lost income and that Doe #1 *advised* Miller to force Plaintiff to finance her while she was unemployed. Put differently, the FAC attempts to contort Doe #1's alleged *advise* to Miller into an *agreement* to defraud Plaintiff. In short, Plaintiff's sparse, conclusory, and inconsistent allegations are insufficient to support a plausible claim for conspiracy to defraud, let alone state the claim with requisite particularity. Ackerman v. N.W. Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999) (stating that the purpose of Rule 9(b) is to dissuade claims of fraud brought "irresponsibly by people who have [allegedly] suffered a loss and want to find someone to blame for it"). Accordingly, Plaintiff's claim against Edelman for conspiracy to defraud is dismissed.

4

### D. Plaintiff Fails to State a Claim for Fraudulent Misrepresentation

In Count VI, Plaintiff attempts to set forth a claim for fraudulent misrepresentation alleging that Doe #1 represented Doe #2 as a professional mover and that Doe #2 represented herself as a professional mover, when it was known that Doe #2 was not a professional mover. Under Illinois law, the elements for a cause of action for fraudulent misrepresentation are: "(1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from such reliance." Doe v. Dilling, 888 N.E.2d 24, 35–36 (Ill. 2008).

Here, similar to the Court's analysis above, Plaintiff fails to allege with particularity the identity of Doe #2. The FAC claims that Plaintiff was present when Doe #2 came to Miller's home in Lisle on August 22, 2017. However, the FAC contains no details regarding the identity of Doe #2 other than the scandalous allegation that she was a "lazy elderly woman." FAC ¶ 88. Further, the FAC states that Doe #1 recommended Doe #2 as a professional mover to Miller, *not* to Plaintiff. But the FAC is silent as to how Doe #1 intended to induce Plaintiff into hiring Doe #2 or how Plaintiff came to rely on the recommendation made to Miller alone. Rather, the FAC asserts in conclusory fashion that "Plaintiff and Miller relied on Doe #2 as a professional mover." Id. ¶ 241. Miller's reliance is irrelevant however, because she is a defendant in this case. The FAC also emphasizes that Doe #2 was readily identifiable as someone who was not a professional mover. Id. ¶ 88-91. Thus, taking Plaintiff's allegations as true, he could not have justifiably relied on Doe #1's recommendation of Doe #2 to Miller. Accordingly, Plaintiff's claim against Edelman for fraudulent misrepresentation is dismissed.

### E. Plaintiff Fails to Allege Doe #2 was Edelman's Agent and Otherwise Fails to State a Claim for Conversion or Trespass to Chattels

Count VII of the FAC asserts claims for conversion and trespass to chattels. Plaintiff contends that Doe #2, along with Miller, destroyed and stole Plaintiff's personal property, while Lisle Police Officers Rob Sommer ("Sommer") and Sean McKay ("McKay") restrained Plaintiff outside of Miller's Lisle home during what he refers to as a "wrongful eviction." Edelman argues that to the extent Plaintiff seeks relief against Edelman in Count VIII—Plaintiff does not specifically refer to Edelman in Count VIII—he fails to adequately allege that Doe #2 was Edelman's agent. The Court agrees.

The FAC fails to even plausibly suggest Edelman exercised control over Doe #2. Chemtool, Inc. v. Lubrication Techs., Inc., 148 F.3d 742, 745 (7th Cir. 1998) (Under Illinois law, "[t]he test to determine whether a principal-agent relationship exists is whether the alleged principal has the right to control the agent, and whether the alleged agent can affect the legal relationships of the principal."). Further, the FAC fails to allege that Edelman acted in a manner which would lead a reasonably prudent person to believe Doe #2 was authorized to act on behalf of Edelman. Thus, Plaintiff fails to allege that Doe #2 was an agent of Edelman under the doctrine of apparent authority. Gilbert v. Sycamore Mun. Hosp., 622 N.E.2d 788, 795 (Ill. 1993) (Apparent authority is "the authority which a reasonably prudent person, exercising diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess.").

Plaintiff also fails to properly allege the requisite elements for his claims of trespass to chattels and conversion. Under Illinois law, the common law tort of trespass to chattel "provides redress for *unauthorized* use of or intermeddling with another's physical property." Barnes v. N.W. Repossession, LLC, 210 F. Supp. 3d 954, 971 (N.D. Ill. 2016) (emphasis added). Further, to establish a claim of conversion under Illinois law, the plaintiff must prove, *inter alia*, that "he has an absolute and unconditional right to the immediate possession of the property." Zissu v. IH2 Prop. Illinois, L.P., 157 F. Supp. 3d 797, 803 (N.D. Ill. 2016).

Here, the FAC asserts that Doe #2 was *authorized* by officers Sommer and McKay to remove Plaintiff's personal property from Millers home, and that Plaintiff was not permitted to enter the home. FAC ¶ 122. Thus, the FAC concedes that Doe #2's actions were *authorized* and that Plaintiff did *not* have the right to immediate possession of his personal property. Accordingly, Plaintiff's claims against Edelman for trespass to chattels and conversion are dismissed.

### F. Plaintiff Fails to State a Claim for Negligence

In Count X, Plaintiff asserts a claim for negligence against Edelman and Doe #1 for their purported breach of an "implied covenant of good faith and fair dealing," arising from Doe #1's advice to Miller that she should take funds from Plaintiff rather than withdraw funds from her investment portfolio. FAC ¶ 269. According to Plaintiff, the implied covenant of good faith and fair dealing was part of an oral contract he formed with Miller governing their landlord-tenant relationship. FAC ¶ 42. Edelman argues that Count X should be dismissed because Plaintiff fails to properly allege that Edelman owed Plaintiff a legal duty. The Court agrees. Under Illinois law, a claim of negligence requires the Plaintiff to allege: "(1) the existence of a duty of care owed to the plaintiff by the defendant; (2) a breach of that duty, and (3) an injury proximately caused by that breach." Guvenoz v. Target Corp., 30 N.E.3d 404, 422 (Ill. App. 2015). "Whether a duty exists in a particular case is a question of law to be determined by the court." Ward v. K Mart Corp., 554 N.E.2d 223, 226 (Ill. 1990).

Here, the FAC claims that the oral contract was between Plaintiff and Miller alone. Thus, even if such a contract existed, it would not give rise to a duty owed by Edelman to Plaintiff. Racky v. Belfor USA Group, Inc., 83 N.E.3d 440, 468 (Ill. App. 2017) ("a defendant's duty will not be extended beyond the duties described in the contract" (internal quotations marks omitted)). Moreover, "an alleged violation of the implied covenant of good faith cannot form the basis for an independent tort action." Wilson v. Career Educ. Corp., 729 F.3d 665, 673 (7th Cir. 2013). The FAC also concedes that Plaintiff had no relationship with Edelman and that Plaintiff never even

7

communicated directly with Doe #1. Put simply, the FAC offers no facts under which Edelman owed a duty of care to Plaintiff. Accordingly, Plaintiff's claim against Edelman for negligence is dismissed.

### G. Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress

In Count XVII, Plaintiff asserts a claim for intentional infliction of emotion distress against all Defendants. Under Illinois law, "[i]n order to state a cause of action for intentional infliction of emotional distress, a party must allege facts which establish that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; (3) the defendant's conduct in fact caused severe emotional distress." Doe v. Calumet City, 641 N.E.2d 498, 506 (Ill. 1994). Liability for intentional infliction of emotion distress "'does not extend to mere insult, indignities, threats, annoyances, petty oppressions or trivialities' and can attach 'only in circumstances where the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.'" Hernandez v. Dart, 635 F. Supp. 2d 798, 813 (N.D. Ill. 2009) (quoting Thomas v. Fuerst, 803 N.E.2d 619, 625 (Ill. App. 2004)).

Here, Plaintiff fails to allege that Edelman engaged in any "extreme and outrageous" conduct. Chisholm v. Foothill Capital Corp., 940 F. Supp. 1273, 1286 (N.D. Ill. 1996) (dismissing plaintiff's claim for intentional infliction of emotional distress because plaintiff's allegations, taken as true, did not rise to the level of outrageous conduct). Rather, Edelman's alleged conduct amounts to *de minimis* indignities or trivialities at worst. Accordingly, Plaintiff's claim against Edelman for intentional infliction of emotional distress is dismissed.

### H. Vicarious Liability is Not an Independent Cause of Action

In Count XVIII, Plaintiff asserts a claim for vicarious liability against Edelman, based on Doe #1's purported conduct as an agent of Edelman. However, under Illinois law, "vicarious liability

8

is not itself a claim or cause of action." Wilson v. Edward Hosp., 981 N.E.2d 971, 980 (Ill. 2012). Accordingly, Count XVIII is dismissed.

### III. CONCLUSION

For the foregoing reasons, Edelman's motion to dismiss is granted. Counts V, VI, VIII, X, XVII, and XVIII of Plaintiff's FAC are dismissed with prejudice, to the extent that these counts assert claims against Edelman, Doe #1, and/or Doe #2.

IT IS SO ORDERED.

ENTER:

*/s/ Charles R. Norgle*

CHARLES RONALD NORGLE, Judge

United States District Court

DATE: February 28, 2018